UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
:
EDITH FAULKNER, et al, : CASE NO. 1:08-CV-104
:
:
Plaintiffs, :
:
vs. : ORDER & OPINION
: [Resolving Doc. No. 26]
WAL-MART, INC., :
:
:
Defendant. :
:
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Defendant Wal-Mart, Inc., moves this Court for summary judgment under Rule 56(b) of the Federal Rules of Civil Procedure. [Doc. 26.] Plaintiffs Edith and Ralph Faulkner oppose the Defendant's motion. [Doc. 38.] For the reasons discussed below, this Court **DENIES** the Defendant's motion for summary judgment.

I. Background

On December 21, 2005, Plaintiff Edith Faulkner was shopping at a Wal-Mart store in Avon, Ohio. While reaching for a boxed bathroom stand on a shelf, the Plaintiff moved a heater out of the way. As a result, a different box next to the bathroom stand on the shelf fell, allegedly striking and injuring the Plaintiff's shoulder. On December 11, 2007, Plaintiffs Faulkner filed a complaint against Defendant Wal-Mart in the Cuyahoga County Court of Common Pleas, alleging negligence and loss of consortium. [Doc. 1, Ex. A.] On January 14, 2008, the Defendant removed the case to this Court. [Doc. 1.]

On June 30, 2008, Defendant Wal-Mart filed this motion for summary judgment. [Doc. 26.]

Case No. 1:08-CV-104
Gwin, J.

The Defendant argues that no unreasonably dangerous condition existed at the Wal-Mart store that day, and that Plaintiff Edith Faulkner encountered an open and obvious condition. *Id*. The Defendant says that the boxes involved in the incident were stacked in the same way that Wal-Mart stores across the country stack such boxes. As such, the Defendant says the Plaintiff encountered an ordinary, everyday situation, and failed to appreciate the circumstances and act accordingly. The Defendant therefore argues that it fulfilled its obligations to its business invitees, including Plaintiffs Faulkner, and committed no negligence. *Id*.

In their response to the Defendant's motion for summary judgment, Plaintiffs Faulkner argue that Defendant Wal-Mart failed to properly secure the box that injured the Plaintiff. [Doc. 38.] The Plaintiffs say this resulted in a failure to keep business invitees reasonably safe on the Defendant's premises. Furthermore, the Plaintiffs argue that attendant circumstances (such as the weight and stacking posture of the boxes in question) diminished the alleged open and obvious nature of the dangerous condition. *Id*. at 7. The Plaintiffs say that Plaintiff Edith Faulkner, as an average shopper, could not have been expected to be aware of the danger she encountered. For these reasons, the Plaintiffs argue that there is a genuine issue of material fact as to whether an unreasonably dangerous condition existed at the Avon store. *Id*. at 5.

In its reply filed August 7, 2008, Defendant Wal-Mart continues to deny the existence of an unreasonably dangerous condition. [Doc. 46.] Moreover, the Defendant says that no circumstances of the incident described by the Plaintiffs distracted Plaintiff Edith Faulkner, thereby reducing the degree of care an ordinary person would have demonstrated in the same situation. *Id* at 7. Defendant Wal-Mart argues that Plaintiff Edith Faulkner simply did not appreciate the common situation she encountered, and therefore her injury was not a result of any failure or negligence by the Defendant.

Case No. 1:08-CV-104
Gwin, J.

## II. Legal Standard

*A. Summary Judgment*

Summary judgment is appropriate if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party has the initial burden of showing the absence of a genuine issue of material fact as to an essential element of the non-moving party's case. *Waters v. City of Morristown,* 242 F.3d 353, 358 (6th Cir. 2001). A fact is material if its resolution will affect the outcome of the lawsuit. *Daughenbaugh v. City of Tiffin,* 150 F.3d 594, 597 (6th Cir. 1998).

The moving party meets its burden by "informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986) (*quoting* Fed. R. Civ. P. 56(c)). However, the moving party is under no "express or implied" duty to "support its motion with affidavits or other similar materials negating the opponent's claim." *Id.* Once the moving party satisfies its burden, the burden shifts to the nonmoving party to set forth specific facts showing a triable issue. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 585-86 (1986). It is not sufficient for the nonmoving party merely to show that there is some existence of doubt as to the material facts. *Id.* at 586. Nor can the nonmoving party "rely merely on allegations or denials in its own pleading." Fed. R. Civ. P. 56(e).

In deciding a motion for summary judgment, the court views the factual evidence and draws all reasonable inferences in favor of the nonmoving party. *Nat. Enters., Inc. v. Smith,* 114 F.3d 561,

Case No. 1:08-CV-104
Gwin, J.

563 (6th Cir. 1997). "The disputed issue does not have to be resolved conclusively in favor of the non-moving party, but that party is required to present some significant probative evidence which makes it necessary to resolve the parties' differing versions of the dispute at trial." *Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987) (*citing First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 288-89 (1968)); *see also Celotex*, 477 U.S. at 322. Ultimately the Court must decide "whether the evidence presents sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Terry Barr Sales Agency, Inc. v. All-Lock Co.*, 96 F.3d 174, 178 (6th Cir. 1996) (internal quotations omitted).

*B. Premises Liability - Duty of Care to Invitees*

Under Ohio law, in a negligence action, "A shopkeeper owes business invitees a duty of ordinary care in maintaining the premises in a reasonably safe condition so that its customers are not unnecessarily and unreasonably exposed to danger." *Paschal v. Rite Aid Pharmacy, Inc.*, 18 Ohio St.3d 203, 203 (1985). Whether a condition is unreasonably dangerous is usually a question reserved for the trier of fact. A trial court should only grant summary judgment to a premises owner when reasonable minds could not determine that a condition is unreasonably dangerous. *Gartland v. Garcia*, 153 Ohio App. 3d 523, ¶8 (2003).

Moreover, under the "open and obvious" doctrine, a premises owner owes no duty to business invitees to protect against dangers so obvious that the invitee may be reasonably expected to discover and protect against them himself. *Armstrong v. Best Buy Co., Inc.*, 99 Ohio St. 3d 79, ¶14 (2003) (*citing Sidle v. Humphrey*, 13 Ohio St. 2d 45 (1968)). The question is not whether the condition is observed by the invitee, but whether it is observable. *Lydic v. Lowe's Companies, Inc.*, No. 01AP-1432, 2002 WL 31111820, ¶10 (Ohio App. 10 Dist. Sept. 24, 2002). Attendant

Case No. 1:08-CV-104
Gwin, J.

circumstances, including "all facts relating to the event . . . and the conditions normally existing that would unreasonably increase the normal risk of a harmful result of the event," contribute to the determination of whether a condition is "open and obvious." *Klauss v. Glassman*, No. 84799, 2005 WL 678984, ¶20 (Ohio App. 8 Dist. Mar. 24, 2005).

### III.  Analysis

In this case, Plaintiffs Faulkner were business invitees of Defendant Wal-Mart. The Defendant therefore owed the Plaintiffs a duty to maintain the premises in a reasonably safe condition. The question, then, is whether the boxes involved in Plaintiff Edith Faulkner's injury were stocked in such a way as to create an unreasonably dangerous condition. Plaintiffs Faulkner argue that the stocking of the boxes created a danger to shoppers, that Defendant Wal-Mart was aware or should have been aware of this danger, and that Plaintiff Edith Faulkner was not in a position to be aware of and prevent the danger. [Doc. 38.] The Plaintiffs base these assertions on the relative weight of the boxes and the way they were shelved, and the belief that store personnel are better equipped to prevent such dangerous circumstances than ordinary shoppers, who are not as familiar with the products and stocking procedures used by the store. *Id*.

Defendant Wal-Mart argues that the boxes were not stocked in an inherently dangerous way. Rather, the Defendant says Plaintiff Edith Faulkner's actions in removing the heater and thereby upsetting the balance of the boxes created the danger. [Doc. 26.] Defendant Wal-Mart says it had no duty to protect the Plaintiffs from any alleged danger because the situation of the boxes was open and obvious, and an ordinary person should have been able to protect herself by not causing the boxes to fall.

Based on the record, whether an unreasonably dangerous condition existed and whether the

Case No. 1:08-CV-104
Gwin, J.

alleged dangerous condition was open and obvious enough to obviate warning are both questions involving genuine issues of material fact. Disagreement persists even as to the identity and characteristics, including dimensions, of the box that struck Plaintiff Edith Faulkner. [*See* Doc. 37 at 6-8.] Without commenting on the qualification of the Plaintiffs' expert witness, or her specific testimony, the Court finds that the issues raised by the Plaintiffs regarding the size, weight, and stocking procedure of the boxes involved in the incident could lead to a conclusion that an unreasonably dangerous condition existed. Reasonable minds could disagree, especially on factors relevant to the open and obvious nature of the dangerous condition, such as visibility. Therefore, it remains for the trier of fact to determine whether an unreasonably dangerous condition existed at the Wal-Mart store in Avon, and thus whether Defendant Wal-Mart owed a duty to the Plaintiffs in this case.

## IV.  Conclusion

For the foregoing reasons, this Court **DENIES** the Defendant's motion for summary judgment. [Doc. 26].

    IT IS SO ORDERED.


Dated: September 12, 2008            s/ *James S. Gwin*
                                                  JAMES S. GWIN
                                                  UNITED STATES DISTRICT JUDGE